Filed 12/29/21 Preisler v. Cook CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROSELEEN PREISLER,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DANIEL COOK,<br><br>　　Defendant and Appellant. | G059908<br><br>(Super. Ct. No. 30-2020-01162264)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jacki C. Brown, Judge. Affirmed.

Dominic A. Quiller for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　\*　　　\*

Daniel Cook appeals from a protective order issued against him under the Elder Abuse and Dependent Adult Civil Protection Act. Because Cook failed to demonstrate error, we affirm.

## I

## FACTUAL AND PROCEDURAL HISTORY

### A. *Elder Abuse Restraining Order Petition*

Plaintiff Roseleen Preisler, a woman over the age of 80 and mother of Denise Cook, was granted a temporary restraining order (TRO) against defendant Daniel Cook,[1] based on a September 2020 incident in which Preisler was injured by Daniel, requiring her to receive medical emergency treatment. At the time of the incident, Denise, Daniel, their teenage daughter K.C., and Preisler had all been living together in a Fountain Valley home (the property) where Daniel had been living for 26 years.[2]

Four months after the September 2020 incident, Preisler filed a petition seeking a restraining order. (Welf. & Inst. Code, § 15657.03, subd. (i)(1).)[3] Daniel filed a declaration opposing the petition. Daniel initially asserted that he owned the property, and thus could not be excluded from it, even if the petition were granted.

At the petition hearing, the parties discussed proposed testimony concerning the validity of the deeds attached to the declaration; after Daniel conferred with his counsel during a recess, he withdrew his argument about the ownership of the property in September 2020. Later in the hearing, when the court revisited an issue about competing versions of the deed disputed by the parties, Daniel's counsel stated he was not requesting the version he had submitted with his declaration to be admitted as

---

[1] Because Denise and Daniel share the same surname we refer to them by their first names; no disrespect is intended.

[2] Denise and Daniel were divorced in 1992, but both continued to live at the property.

[3] All further statutory designations are to the Welfare and Institutions Code.

2

evidence. The court stated on the record that Daniel had "withdrawn the purpose for these matters, because [he is] now accepting that Ms. Denise Cook had ownership of the property in September" 2020. Neither Daniel nor his counsel made any comment in response.

Aside from the property ownership issue, Cook also testified at the hearing that he had completed an anger management class following the September 2020 incident but he also denied he had been angry at the time of the incident and asserted the event was accidental.

Priesler was the only other witness at the hearing. In advance, she submitted exhibits including her medical records for the night of the incident as well as a 17-page record of text messages between Daniel and K.C. Daniel failed to include the exhibits in designating the record on appeal. However, some of the contents of the text messages were disclosed during the hearing.

According to the reporter's transcript of the hearing, one portion of the text messages showed that K.C. had texted to Daniel: "Dad, I do not feel safe talking to you right now, nor do I feel safe being in the house alone or with you . . . . I am terrified of what you did, and I cannot be involved with whatever is going on. . . . Please stop messaging me scary things as you're scaring me further and I have really bad anxiety. I love you, but I am scared right now and I need to be safe." Although Daniel initially objected to the admission of that exhibit, he later withdrew that objection.

Preisler testified on cross-examination that two weeks before the September 2020 incident underlying her restraining order petition, Daniel had shown concern for Preisler by assisting her before she received medical care for an otherwise unrelated situation. Preisler confirmed Daniel had never threatened her before the incident and confirmed she had cursed at Daniel, but asserted she had only done so after the incident happened. Preisler testified that after she made a comment about Daniel needing to get medical attention for a persisting cough, Daniel "just blew up."

3

*B. Trial Court Ruling and Appellate Record*

At the end of the hearing, the trial court issued the restraining order. The court ruled the order would be limited to four years because of Daniel's voluntary completion of his anger management class and the positive character references submitted to the court. On Preisler's request to include Denise and K.C. as protected persons, the court stated the Elder Abuse Act's "provisions for household family members to be included in the protection [order] is statutorily permitted" and ruled the stayaway aspect of the order would apply to both Denise and K.C., subject to any family law court visitation orders that might issue in the future. The court also ordered Daniel to move out of the property and to pay $3,500 to Preisler for her attorneys fees.

On appeal, Daniel has provided only a reporter's transcript of the hearing on Preisler's restraining order petition, his written response to Preisler's declaration, and his supporting exhibits. Daniel has not provided Preisler's declaration, which the court accepted in lieu of direct testimony, or any of the exhibits Preisler submitted to the trial court, including her impeachment exhibits, her medical records, and the 17 pages of text messages between Daniel and K.C.

II

DISCUSSION

Cook challenges four aspects of the trial court's order, arguing: 1) the order should be reversed in its entirety because "the undisputed evidence" showed the incident was accidental and that there was generally "insufficient evidence that [he] committed elder abuse"; 2) the court should not have included Denise and K.C. as protected persons; 3) the court erred because it was not authorized to exclude him from the property; and 4) the attorney's fee award should not have been granted because the restraining order should not have been granted.

4

A. *Relevant Statutory Provisions*

The Elder Abuse and Dependent Adult Civil Protection Act (§ 15600 et seq.) (Elder Abuse Act) states in relevant part that "[a]n order may be issued . . . to restrain any person for the purpose of preventing a recurrence of abuse, if a declaration shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse of the petitioning elder or dependent adult." (§ 15657.03, subd. (c); see *Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137 ["a protective order under the Elder Abuse Act may issue on the basis of evidence of past abuse, without any particularized showing that the wrongful acts will be continued or repeated"].) The Act also provides an order may protect "other named family or household members . . . of the petitioner," based on "the discretion of the court, on a showing of good cause." (§ 15657.03, subd. (b)(4)(A).)

The Act also authorizes a trial court order that "exclud[es] a party from the petitioner's residence or dwelling, except that th[e] order shall not be issued if legal or equitable title to, or lease of, the residence or dwelling is in the sole name of the party to be excluded, or is in the name of the party to be excluded and any other party besides the petitioner." (§ 15657.03, subd. (b)(4)(B).) Finally, the Act also provides in relevant part that "[t]he prevailing party in an action brought under this section may be awarded court costs and attorney's fees." (§ 15657.03, subd. (t).)

B. *Standard of Review and Appellate Review Principles*

"[T]he issuance of a protective order under the Elder Abuse Act is reviewed for abuse of discretion, and the factual findings necessary to support such a protective order are reviewed under the substantial evidence test." (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137.) "'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the

5

facts, a reviewing court is without power to substitute its deductions for those of the trial court. If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.'" (*Jameson v. Five Feet Restaurant, Inc.* (2003) 107 Cal.App.4th 138, 143, italics omitted.)

When review for substantial evidence is implicated, an appellant's burden to show reversible error (see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564) includes not only the general obligation to provide an adequate record for appellate review (see *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); see also Cal. Rules of Court, rule 8.124(b)(1)(B)), but also to discuss all of the evidence that was at issue in the trial court and not just evidence favorable to the appellant's position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [where appellants contend "'some particular issue of fact is not sustained, they are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*'"].)

C. *Application*

Daniel has failed to meet his burden on appeal to demonstrate error because he has not provided any of Preisler's initial pleadings, accepted as evidence, nor her documentary trial evidence, assessed by the trial court. That failure requires this court to resolve his substantial evidence arguments against him. (*Jameson*, *supra*, 5 Cal.5th at p. 609.) Accordingly, he has failed to demonstrate the court erred in rejecting his argument that the events were an accident. In addition, because he has precluded review of the text messages he exchanged with K.C., we cannot assess his contention that there was no statutory "good cause" to include Denise and K.C. as protected persons. (See *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 527 ["'"'[I]n determining the meaning of 'good cause' in a particular context, the courts utilize common sense based upon the totality of the circumstances," which "include[s] the purpose of the underlying statutory scheme"'"'].)

Further, although Daniel argues on appeal that the court erred in ordering him to stay away from the property, he withdrew his attempt to prove ownership at the hearing. He has waived that issue. (§ 15657.03, subd. (b)(4)(B).) Finally, because Daniel's challenge to the trial court's award of an attorney fee is predicated on his contention that the court should not have granted a restraining order against him~**(AOB 16)**~, the challenge has no merit because he has not shown the grant was erroneous. In sum, Daniel has not demonstrated any ground of prejudicial error to reverse the trial court's grant of a restraining order under the Elder Abuse Act.

## II

## DISPOSITION

The order is affirmed. Because prevailing respondent did not appear in this court, no appellate costs are awarded.

ZELON, J.*

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.